**VIETNAM VETERANS OF AMERICA,**
et al., Appellants

v.

**Robert S. McNAMARA,**
et al., Appellees.

No. 05–5061.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 22, 2006.

David J. Cynamon, Pillsbury Winthrop Shaw Pittman, LLP, Washington, DC, Douglas J. Rosinski, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Columbia, SC, for Appellants.

Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Barbara L. Herwig, Assistant Director, Charles Wylie Scarborough, Peter Douglas Keisler, U.S. Department of Justice, Washington, DC, for Appellees.

Before: GARLAND, BROWN and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the District Court is hereby affirmed.

This matter is a companion to another case we decide today, *Broudy v. Mather*, 460 F.3d 106 (D.C.Cir.2006). On October 29, 2002, the Vietnam Veterans of America (the "VVA"), a national veterans service organization, and twenty-one veterans filed a putative class action lawsuit in the United States District Court for the District of Columbia alleging that various Government officials in the Department of Defense ("DoD") and the Department of Veterans Affairs ("VA") denied them, or in the case of the VVA, their members, access to VA administrative proceedings. According to the complaint, the individual plaintiffs represented twenty-one of the over five thousand veterans who the United States military used as "involuntary and uninformed test subjects" in a series of biological and chemical warfare experiments collectively referred to as the Shipboard Hazard and Defense project ("Project SHAD"). During these tests, the complaint alleged, the federal Government "collected and documented contemporary information regarding Plaintiffs' actual exposure to biological and chemical agents." When some of the subjects of these tests later filed claims with the VA for benefits, however, the defendants in this case allegedly covered up this information. As a result of this alleged cover-up, two of the twenty-one individual plaintiffs—the only two who filed claims—were unable to prove to the VA that their illnesses were connected to their military service. Consequently, the VA denied their claims for compensation. In their complaint, plaintiffs alleged that by covering up this information, the defendants had violated their constitutional rights by denying them meaningful access to the VA benefits proceedings.

The defendants moved to dismiss the complaint arguing that the District Court lacked jurisdiction under 38 U.S.C. § 511(a) and that the plaintiffs failed to state a claim upon which relief could be granted. The District Court held that it had jurisdiction, but dismissed the plaintiffs' claims against the VA officials, because the plaintiffs had only alleged that DoD officials—not VA officials—concealed their medical records. *Vietnam Veterans of Am., Inc. v. McNamara*, No. 02–2123, 2003 WL 24063631, at *7 (D.D.C. Sept.30, 2003). The District Court also dismissed the damages claims of the nineteen plaintiffs who had not filed benefits claims with the VA because these plaintiffs had not alleged an "illness or disability that might be tied to Project SHAD." *Id.* at *8. As for the remaining claims, the District Court could not tell from the complaint whether the DoD defendants had qualified immunity and therefore requested that the plaintiffs submit more detailed allegations of the defendants' alleged misconduct so that it could decide whether the officials were entitled to qualified immunity for such conduct. After receiving this submission and the defendants' response, the District Court dismissed the remainder of the plaintiffs' claims, holding that the defendants were entitled to qualified immunity because the plaintiffs' complaint and the more detailed submissions had failed to allege that the defendants affirmatively misled the plaintiffs "in a manner and at a time that would improperly delay or deny [them] access to the claims process." *Vietnam Veterans of Am., Inc. v. McNa-*

*mara*, No. 02–2123, 2005 WL 485341, at *15 (D.D.C. Feb.17, 2005).

On appeal, plaintiffs argue that such allegations are not necessary to survive a motion to dismiss. In response, the defendants contend that the District Court lacked jurisdiction to hear plaintiffs' denial-of-access claims under 38 U.S.C. § 511(a), that plaintiffs failed to state a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because "special factors counsel hesitation" toward imposing liability for the type of denial of access the plaintiffs allege, and that the defendants are entitled to qualified immunity.

■ For the reasons described in *Broudy*, at 111–15, decided today, we conclude that the District Court properly exercised jurisdiction over plaintiffs' claims. District Court jurisdiction over plaintiffs' claims would not require the District Court to "review" a "decision of the Secretary as to" any "question of law [or] fact necessary to a decision of the Secretary under a law that affects the provision of benefits." 38 U.S.C. § 511(a).

On the merits, we review the grant of a motion to dismiss *de novo* and "may affirm the dismissal of a complaint on different grounds than those relied upon by the district court." *Amgen, Inc. v. Smith*, 357 F.3d 103, 111 (D.C.Cir.2004). Applying that standard of review, we conclude, again for the reasons stated in *Broudy*, at 115–23, that plaintiffs have failed to state a denial-of-access claim and we therefore affirm the District Court's dismissal of plaintiffs' claims.

■ To state a denial-of-access claim, the complaint must identify a non-frivolous, arguable underlying claim, *Christopher v. Harbury*, 536 U.S. 403, 415, 122

S.Ct. 2179, 153 L.Ed.2d 413 (2002) ("*Harbury III*"), that the defendants have "completely foreclosed," *Harbury v. Deutch*, 233 F.3d 596, 610 (D.C.Cir.2000) ("*Harbury I*"), *reh'g denied* 244 F.3d 956 (D.C.Cir.2001) ("*Harbury II*"). Like the complaint in *Broudy*, the complaint here only identifies two kinds of underlying claims—the benefits claims of the plaintiffs that were already rejected by the VA (the underlying claims for which the plaintiffs "look backward," *Harbury III*, 536 U.S. at 414, 122 S.Ct. 2179) and the claims the plaintiffs cannot meaningfully bring now without access to the covered-up documents (the underlying claims for which the plaintiffs "look forward," *see id.*). Neither type of underlying claim, however, has been "completely foreclosed." Like the plaintiffs in *Broudy*, the plaintiffs' backward-looking claims are not "completely foreclosed" because the Freedom of Information Act ("FOIA") and VA regulations that allow for the reopening of prior benefits' proceedings provide them, in tandem, precisely what they claim they have been denied—a meaningful opportunity to pursue their underlying benefits claims. And, also like the plaintiffs in *Broudy*, the plaintiffs' forward-looking claims are not "completely foreclosed" because plaintiffs can still seek, through FOIA, the documents they believe they need to pursue their benefits claims. As plaintiffs have remedies available, they cannot establish that either their forward-looking claims or their backward-looking claims have been completely foreclosed. Because plaintiffs cannot show that they are presently being denied meaningful access, they cannot state a claim upon which relief can be granted and we need not address the other issues that have been raised. Accordingly, the decision of the District Court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.